# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 CR 1129 | DATE | 3/29/2002 |
| CASE TITLE | United States of America vs. Joseph Nicosia | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's pretrial motions numbers 10, 13, and 14 are denied and 8, 9, 11, and 12 are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 29 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 18 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAH | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 01 CR 1129 |
| | ) | Honorable James B. Moran |
| JOSEPH NICOSIA, | ) | |
| | ) | |
| Defendant. | ) | |

**DOCKETED MAR 29 2002**

## MEMORANDUM OPINION & ORDER

Defendant has filed seven pretrial motions. We rule upon them as follows:

1. Motion for Discovery under Rule 16(a)(1)(A). The motion is denied as moot. This is an open file case. Whatever the government has it is willing to share with defendant.

2. Motion to File Additional Motions. The motion is denied. If there is some reasonable basis for filing some motion hereafter, we will consider it then.

3. Motion for Production of Summary of Experts' Testimony and Statements. The motion is denied as moot. The government has no experts and does not intend to employ any. If the government changes it mind, it is under an obligation to so advise defendant.

4. Motion for Government's Disclosure of 404(b) and "Intricately Related" Evidence. The motion is denied as moot. The government has not determined that it will offer any 404(b) evidence and will provide reasonable notice if it intends to do so. As for "intricately related" evidence, the government has agreed that this is an open file case.

5. Motion for Production of Exculpatory Material and for Disclosure of Impeachment Information. The motion is denied as moot. The government recognizes its Brady

and Giglio obligations (which do not extend to evidence that someone has no information, implicating or exculpating defendant, and, again, it is an open file case.

6      Motion to Sever Counts. Defendant seeks to sever the tax fraud counts from the insurance fraud counts. That motion is denied. The counts concern interrelated transactions, the same evidence is relevant to both the insurance and tax charges, and defendant does not identify any particular prejudice by their joinder. The counts have been properly joined under F.R. Crim. P. 8.

7.     Motions to Dismiss Counts One through Ten for Failure to State a Cause of Action. That motion is denied.

Both the government and the defendant rest upon the plain wording of the statute. 18 U.S.C. §1033(c)(1) reads in relevant part as follows:

> Whoever is engaged in the business of insurance and whose activities affect interstate commerce. . . knowingly makes any false entry of material fact in any book, report, or statement of such person engaged in the business of insurance with intent to deceive <u>any person</u>, including any officer, employee, or agent of such person engaged in the business of insurance, any insurance regulatory official or agency, or any agent or examiner appointed by such official or agency to examine the affairs of such person, about the financial condition or solvency of such business shall be punished as provided in paragraph (2).
>
> (2) The punishment for an offense under paragraph (1) is a fine as provided under this title or imprisonment for not more than 10 years, or both, except that if the false entry in any book, report, or statement of such person jeopardized the safety and soundness of an insurer and was a significant cause of such insurer being placed in conservation, rehabilitation, or liquidation by an appropriate court, such imprisonment shall be not more than 15 years. (Emphasis supplied.)

Defendant contends that "any person" must be an official regulator or its agent. Otherwise, the statute would be so overinclusive as to be nonsense; it would bring within the ambit even a misrepresentation to a next door neighbor.

But "any person" extends beyond regulators. The reference to "any officer, employee or agent of such person engaged in the business of insurance..." makes that clear. The references (which are not exclusive) following "any person" and the penalty section make equally clear that the statute reaches insurance fraud that can affect the financial stability of the insurance business.

Here the "any person" is the Illinois Insurance Exchange. Defendant claims, and the government does not dispute, that the Illinois Insurance Exchange is not a governmental body. The indictment spells out, however, how it is involved in the regulatory process. According to the indictment, the Illinois Insurance Exchange provided regulatory and financial oversight of its member insurance syndicates, including defendant's insurance business. That oversight included maintaining records of the financial condition of defendant's business. As a condition of authority to transact business on the Exchange, defendant's business was required to submit accurate information respecting its financial condition to the Exchange. According to the indictment, defendant caused fraudulent information to be furnished to the Exchange, thereby concealing that the business was insolvent. As a result, the Exchange and the Illinois Department of Insurance did not learn of the insolvency until shortly before the Department went to court for an order to cease operations and to cancel outstanding insurance policies. The business was placed into liquidation.

We think that a brief recital of the charges adequately demonstrates that the Illinois Insurance Exchange is well within the ambit of the "any person" of 18 U.S.C. §1033(c)(1). The motion to dismiss is denied.

                                            JAMES B. MORAN
                                        Senior Judge U.S. District Court

March 29, 2002